## WALTER LAMB v. STATE.

No. A-4614.   Opinion Filed Oct. 13, 1924.
Rehearing Denied Nov. 29, 1924.

(230 Pac. 274.)

(Syllabus.)

**Appeal and Error—Judgment Supported by Material Testimony not Disturbed.** The determination of questions of fact are exclusively for the jury, and, when the record discloses material testimony to support the conclusion reached, the judgment will not be reversed in the absence of prejudicial error.

Appeal from County Court, Murray County; W. C. Long, Judge.

Walter Lamb was convicted of violating the prohibitory liquor law, and he appeals. Affirmed.

Homer T. Carney, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   Walter Lamb was convicted on a charge that he did have in his possession about five and one-half gallons of whisky with intent to sell the same, and his punishment fixed at a fine of $150 and confinement in the county jail for 60 days. The errors assigned question the sufficiency of the evidence to sustain the verdict.

The undisputed facts are that the defendant on the date alleged drove from his home in Pontotoc county to the town of Davis in a Ford truck, arriving about the noon hour. The officers testified that he found twelve half gallon fruit jars

containing whisky in the car, and proceeded up to the restaurant where the defendant was eating dinner, and arrested him; that the defendant admitted the whisky belonged to him.

As a witness in his own behalf the defendant denied stating to the sheriff that he owned the whisky; that he drove to town from his home near Roff, Pontotoc county, with his wife and children in the car, and left his car standing near his mother-in-law's, Mrs. Ellis', in the town of Davis, and that there was no whisky in it at that time; that he left the car, going to the restaurant for his dinner, and in about 30 minutes the officer walked in and arrested him, stating that he had found the whisky in his car.

The only question presented in the case was a question of fact exclusively for the determination of the jury.

Upon an examination of the record we find no material error. The judgment is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.